UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN MABBITT,

    Plaintiff(s),

v.

MIDWESTERN AUDIT SERVICE, INC.,

    Defendant(s).
_____/

Case No. 07-11550

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]**

Plaintiff Carolyn Mabbitt filed this action in which she alleges that Defendant Midwestern Audit Service, Inc. violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.* Defendant argues that it has not violated the provisions of either statute. This matter comes before the Court on Defendant's motion for summary judgment. For the reasons set forth below, Defendant's motion is GRANTED.

**I.    Facts**

Plaintiff and her sister, Sharon Perry, lived together at 310 Leota Boulevard, Waterford, Michigan, throughout 2006. (Mabbitt Dep., Def.'s Mot., Ex. 3 at 12-13.) All of the bills at that address were in Plaintiff's name, but she and her sister both contributed to pay the bills. (*Id.* at 15.) Plaintiff fell behind on payments to Consumers Energy and ultimately owed $961.45. (*Id.* at 17.)

Defendant is a full-service collection agency that provides account receivable collection services to its clients. (Larson Dep., Def.'s Mot., Ex. 5 at 12.) Consumers Energy is one of Defendant's clients. (*Id.* at 12-13.) Plaintiff's debt was assigned to Defendant on December 15, 2006. (*Id.* at 14.) Defendant claims that on December 18, 2006, it sent the following letter to Plaintiff at the Leota Boulevard address:

> Your account has been referred to this agency for immediate collection.
>
> Unless you notify this office within thirty-days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty-days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. . . . This is an attempt to collect a debt. Any information obtained will be used for that purpose. . . .
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR

(Def.'s Mot., Ex. 1.) Plaintiff asserts that she never received this letter. (Pl.'s Resp. at 4.)

At the end of 2006, Plaintiff and her sister moved to 7725 Lake Ridge Drive, Waterford, Michigan. (*Id.* at 3.) Both women's names appeared on the lease. (Mabbitt Dep., Def.'s Mot., Ex. 3 at 16.) They received service from Consumers Energy at the new address, where the bill was in Ms. Perry's name.[1] (*Id.* at 22.) Plaintiff and Ms. Perry shared responsibility for the bills "half and half." (*Id.* at 16.)

Defendant's general manager, Daniel Larson, testified that they "had been able to determine that Sharon Perry and Carolyn Mabbitt were joint debtors on [the Leota Boulevard] account." (Larson Dep., Def.'s Mot., Ex. 5 at 27.) On December 29, 2006,

---

[1] Plaintiff conceded that until she paid the first bill, Consumers Energy would not likely allow service in her name. (Mabbitt Dep., Def.'s Mot., Ex. 3 at 23.)

Defendant sent a letter to Ms. Perry at the Lake Ridge Drive address. (Def.'s Mot. at 1; Pl.'s Resp. at 4.) The letter stated:

> A recent review of your records indicates an outstanding balance for the account(s) in the name of Carolyn S. Mabbitt as shown below: . . .
>
> For your convenience in making payment, this amount will be transferred to your present account and will appear as a previous balance on your next monthly billing.
>
> **SHOULD YOU HAVE ANY QUESTIONS CONCERNING THIS MATTER, PLEASE CONTACT YOUR LOCAL CONSUMERS ENERGY OFFICE.**

(Def.'s Mot., Ex. 2.) Mr. Larson described this letter as "a courtesy, before the balance was transferred to the active account." (Larson Dep., Def.'s Mot., Ex. 5 at 27.) It is this letter alone which Plaintiff claims exposes Defendant to liability under the FDCPA and the MCPA.

Ultimately, Consumers Energy gave Plaintiff and her sister an opportunity to make a payment arrangement so as to avoid shutting off service at the Lake Ridge Drive address. (Mabbitt Dep., Def.'s Mot., Ex. 3 at 60.) Ms. Perry entered into a written agreement with Consumers Energy that set forth the terms of the repayment plan. (*Id.* at 61-62.) Plaintiff and her sister made some initial payments pursuant to the plan, but stopped making payments before the entire balance was paid. (*Id.* at 61.)

Plaintiff admitted that because she and her sister lived together, and because her sister paid some of the bills, her sister would likely know if Plaintiff owed money on a bill. (*Id.* at 25.) Plaintiff also agreed that both she and her sister were liable for all the bills that came into the home. (*Id.* at 28.)

Plaintiff's main objection to the letter, other than its alleged failure to comply with the notice provisions of the relevant statutes, is that the outstanding bill was "her business."[2] (*Id.* at 24.)  Plaintiff states that her actual damages consist only of the fact that Defendant's choice to send the letter to her sister "wasn't right" based on "principles."  (*Id.* at 31.)  She has no monetary damages, and she does not plan on seeing a doctor in relation to this lawsuit.  (*Id.* at 31, 38.)  Plaintiff agrees that, other than her sister's name appearing on the letter, no statements made by Defendant were inaccurate.  (*Id.* at 38.)

The December 29 letter was the only communication Plaintiff or her sister received from Defendant.  Plaintiff did not receive telephone calls from Defendant, nor was she harassed by anyone employed by Defendant.  (*Id.* at 36, 38.)  Plaintiff also conceded that Defendant did not use an abusive method to collect the debt.  (*Id.* at 39.)

This matter is now before the Court on Defendant's motion for summary judgment.

**II.    Summary Judgment Standard**

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

---

[2] Plaintiff nonetheless showed the letter to her business partner, Douglas Mitchell.  (*Id.* at 32.)

4

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice.  Rather, there must be evidence on which the jury could reasonably find for the non-moving party.  *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

### III.  Analysis

Plaintiff asserts that the December 29 letter sent by Defendant constitutes nine separate violations of the FDCPA and five separate violations of the MCPA.  At the outset, the parties dispute whether Plaintiff received the December 18 letter sent by Defendant.  This issue of fact is not material as Plaintiff makes no claim that the December 18 letter violated the FDCPA or the MCPA in any way, and she has failed to establish that the December 29 letter violated the FDCPA or the MCPA.  The Court will consider each statute in turn.

#### A. FDCPA

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State

5

action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Plaintiff claims that Defendant's December 29 letter violated the following provisions of the FDCPA: § 1692e(10, 11) (false or misleading representations), § 1692g (validation of debts), § 1692d (harassment or abuse), § 1692(c)(b) (communication in connection with debt collection), § 1692(b)(1, 2) (acquisition of location information), and § 1692(f) (unfair practices).

Each of these provisions, with the exception of § 1692b, applies only to actions taken "in connection with the collection of any debt."[3] The Court will address these provisions separately from § 1692b.

### 1. "In connection with the collection of any debt."

Plaintiff suggests that "the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt." (Pl.'s Resp. at 5.) This approach, however, ignores the plain language of the statute, which applies only to actions taken "in connection *with the collection* of any debt." (emphasis added). *See, e.g., Estate of Gerson v. C.I.R.*, 507 F.3d 435, 438-39 (6th Cir. 2007) (when "Congress has directly spoken to the precise question at issue . . . we apply the plain language of the statute"). Thus, the question becomes whether Defendant's December 29 letter satisfied this criterion.[4]

---

[3] § 1692f uses slightly different language to convey the same idea, as it applies to the means used "to collect or attempt to collect any debt."

[4] Plaintiff focuses on whether the letter was a "communication" under the FDCPA. This argument misses the mark. The FDCPA defines a communication as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). This definition encompasses Defendant's letter. The question remains whether the communication was made in connection with the collection of any debt.

6

The FDCPA does not define "in connection with the collection of any debt." And while the Sixth Circuit has not addressed this issue, the Seventh Circuit has recognized "that a letter informing plaintiffs of the current status of their account and demanding no payment was not a communication 'in connection with the collection of any debt' under the FDCPA." *McCready v. Jacobsen*, 2007 WL 1224616, *1 (7th Cir. April 25, 2007) (citing *Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 388-89 (7th Cir.1998)). Moreover, Black's Law Dictionary states that "to collect a debt or claim is to obtain payment or liquidation of it." 6th Ed. 1990 at 263. Defendant's December 29 letter makes no demand or attempt to obtain payment of a debt. Instead, it notifies Ms. Perry that an outstanding balance has been transferred to her new account. And while the letter states that the transfer was made for her "convenience in making payment," it contains no language that she is required to pay the debt. Instead, the letter specifically states that "should [she] have any questions concerning this matter, please contact your local Consumers Energy office." (Def.'s Mot., Ex. 2.)

It is useful to compare this to the language of the alleged December 18 letter, which specifies: "Your account has been referred to this agency for immediate collection." The letter also recites, "this is an attempt to collect a debt" and "any information obtained will be used for that purpose." (*See* Def.'s Mot., Ex. 1; § 1692e(11).)

The December 18 letter contains language mandated by the FDCPA that makes it clear that the sender is attempting to collect a debt. The December 29 letter, in contrast, simply informs Ms. Perry that a previous balance for which she was responsible has been transferred to her current account. The letter makes no attempt to obtain payment.

7

Accordingly, the Court concludes that the December 29 letter was not "in connection with the collection of any debt."

Sound policy reasons support this conclusion. In *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389 (6th Cir. 1998), the court addressed an alleged FDCPA violation. There, a debt collector received a request to cease further communication from a consumer who had received an initial debt collection letter. *Id.* at 398. The debt collector sent a subsequent letter, but the court concluded that the letter was permissible under § 1692c(c)(2). (*Id.* at 399.) While *Lewis* is factually distinguishable from the case at hand, the court's reasoning is instructive.

The court held:

> To hold that a debt collector cannot offer payment options as part of an effort to resolve an outstanding debt, possibly without litigation, would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt-something that is clearly at odds with the language and purpose of the FDCPA.

(*Id.*) Similarly, to foreclose to businesses the opportunity to inform customers that a previous debt has been transferred to a current account, without having to follow the dictates of the FDCPA, would prevent them from seeking a peaceful resolution of debts and would do nothing to achieve the stated purpose of the FDCPA, which is "to eliminate abusive debt collection practices by debt collectors."

Accordingly, because the December 29 letter was not in connection with the collection of any debt, Defendant's motion for summary judgment is GRANTED as to Plaintiff's claims under § 1692e(10, 11), § 1692g, § 1692d, § 1692(c)(b), and § 1692(f).

**2. § 1692b**

Plaintiff also has asserted claims under § 1692b of the FDCPA. This section applies to "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Plaintiff has made no allegation and has presented no evidence that the December 29 letter was an attempt to acquire location information about Plaintiff. Furthermore, Defendant challenged Plaintiff's ability to establish a claim under this section, and Plaintiff failed to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. Accordingly, Defendant's motion for summary judgment is GRANTED with respect to Plaintiff's claims under § 1692b.

### B. MCPA

Plaintiff's complaint sets forth five alleged violations of the MCPA. In her response brief, however, Plaintiff agrees to dismiss these claims. Defendant's motion is therefore GRANTED as to Plaintiff's state law claims.

### IV. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 17, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 17, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager