UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN MABBITT,

    Plaintiff(s),

v.

MIDWESTERN AUDIT SERVICE, INC.,

    Defendant(s).
_____/

Case No. 07-11550

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR ATTORNEY FEES AND COSTS [30]**

Plaintiff Carolyn Mabbitt filed this action in which she alleged that Defendant Midwestern Audit Service, Inc. violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.,* and the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq.* On March 17, 2008, this Court granted Defendant's motion for summary judgment and entered judgment against Plaintiff. Defendant now seeks, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, its actual costs and attorney fees incurred during the course of this litigation. For the reasons set forth below, Defendant's motion is GRANTED IN PART AND DENIED IN PART.

**I.    Facts**

The underlying facts of this litigation are fully explored in the Court's previous orders. The facts relevant to this motion are as follows. Plaintiff filed this action on April 5, 2007. (Docket Text #1.) On July 24, 2007, Defense counsel sent a letter to Plaintiff's counsel that contained the following:

> In addition, please note that my Client has requested Plaintiff dismiss her lawsuit after her deposition. The records do not reflect any improper conduct on the part of Midwestern Audit, and Plaintiff's testimony solidified that fact.
>
> My Client will forego claims of attorney fees and costs should Plaintiff decide to dismiss her case within the next 10 days, otherwise such will be sought upon a motion for summary judgment.

(Def.'s Mot., Ex. 5.)

Defendant also points out various disputes that arose during discovery. Essentially, Defendant asserts that Plaintiff did not respond to requests for discovery and deposition dates in a timely fashion. (*Id.* at 3-4.) Plaintiff notes that Defendant also was late in providing discovery and that Plaintiff provided deposition dates before the discovery cutoff date (albeit less than two weeks before the cutoff date). (Pl.'s Resp. at 4.) Defendant also complains that Plaintiff failed to produce her sister for a deposition. (Def.'s Mot. at 3.) Plaintiff concedes that she did not produce her sister for deposition, and she points out that sanctions already were imposed for this infraction when the Court struck her sister as a witness. (Pl.'s Resp. at 5.)

**II. Analysis**

Defendant seeks sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. The Court will consider these claims separately.

**A. Rule 11**

A party seeking Rule 11 sanctions must satisfy the procedural requirements of Rule 11(c)(1)(A), commonly known as the "safe harbor" provision. This is an "absolute requirement." *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997). The safe harbor provision sets out a two-step process: "first, serve the Rule 11 motion on the

2

opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Id.* at 294.

Here, Defendant did not follow the procedural requirement of serving a Rule 11 motion on Plaintiff and then waiting 21 days after service to allow Plaintiff an opportunity to withdraw the challenged claims. In fact, Defendant waited until after the Court granted its motion for summary judgment before it filed its Rule 11 motion.

Defendant's letter of July 24, 2007, in which it informed Plaintiff that it would seek attorney fees and costs if Plaintiff did not dismiss the case, did not satisfy Rule 11's safe harbor requirements. The Court reached the same conclusion in *City of Sterling Heights v. United National Insurance Co.*, No. 03-72773, 2005 WL 5955827 (E.D. Mich. June 16, 2005), where it held that a letter that informed Plaintiff's counsel that Defendant intended to seek sanctions did not satisfy Rule 11's procedural requirements. *See also Rasmussen v. Fleetwood Enters., Inc.,* No. 06-13883/4, 2007 WL 1106138, 7 (E.D. Mich. Apr. 10, 2007) (Friedman, J.) (letters to party "were not sufficient to trigger the 21-day 'safe harbor' period"); *Paragon Mktg. Group, L.L.C. v. Nadair*, No. 03-70202, 2007 WL 128920, *5 (E.D. Mich. Jan. 12, 2007) (Komives, Mag.) (e-mail to opposing party did not comply with Rule 11's procedural requirements). Indeed, the advisory committee's notes to Rule 11 establish that a letter to opposing counsel is insufficient: "To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the 'safe harbor' period begins to run only upon service of the motion."

The advisory committee also envisioned informal notice to opposing counsel before service of the Rule 11 motion and the start of the 21 day safe harbor period. "[C]ounsel should be expected to give informal notice to the other party, whether in person or by a

telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion."  The notes thus make clear the distinction between informal notice and formal service of a motion.  Because Defendant did not serve its Rule 11 motion on Plaintiff before filing it with this Court, Defendant failed to comply with Rule 11's procedural requirements.  *See also Ridder*, 109 F.3d at 297 ("[S]ervice and filing must occur prior to final judgment or judicial rejection of the offending contention. Quite clearly then, a party cannot wait until after summary judgment to move for sanctions under Rule 11.").

Accordingly, Defendant's motion for Rule 11 sanctions is DENIED.

### B.  28 U.S.C. § 1927

"The unavailability of Rule 11 sanctions in the present case does not rule out the possibility that attorney fees [may be] properly assessed against [Plainitff's] counsel pursuant to 28 U.S.C. § 1927."  *Id.*  § 1927 states that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  § 1927 does not require a showing of subjective bad faith but, rather, is satisfied "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims."  *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001) (quoting *Ridder*, 109 F.3d at 298).  Mere negligence or inadvertence, however, will not support a § 1927 sanction.  *Riddle*, 266 F.3d at 553.  Rather, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the

court and which, as a result, causes additional expense to the opposing party." *Id.* (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)).

The Court believes that § 1927 sanctions are appropriate in this case, as Plaintiff's counsel knew or reasonably should have known that the claims asserted by Plaintiff were frivolous. Plaintiff asserted nine separate violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* As the name of the statute suggests, its goal is "to eliminate abusive debt collection practices." 15 U.S.C. § 1962(e). Defendant in this case never attempted to collect a debt; it simply notified Plaintiff that an outstanding balance was transferred to her new account. Further, Plaintiff conceded that the December 29 letter was the only communication Plaintiff or her sister received from Defendant, that she did not receive telephone calls from Defendant, that she was not harassed by anyone employed by Defendant, and that Defendant did not use an abusive method to collect the debt. Accordingly, the Court holds that the FDCPA claims pursued by Plaintiff were frivolous and that Plaintiff's counsel knew or reasonably should have known this.

Plaintiff also asserted five claims under the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 *et seq*. In her response brief, however, Plaintiff did not even attempt to defend these claims; rather, she simply agreed to their dismissal. (Docket Text #22 at 18.) As a result, the Court finds that these claims also were frivolous.

In *Ridder*, the Sixth Circuit imposed § 1927 sanctions based on an attorney's "filing and persistent assertion of meritless claims, conduct that amounted to unreasonable and vexatious multiplication of the proceedings." 109 F.3d at 298. The court found that the attorney's "unreasonable and vexatious behavior began with the filing of the complaint and persisted throughout the pendency of the case" because there never was any evidence to

support the plaintiff's claims. *Id.* at 299. The court therefore concluded that the magistrate judge did not abuse his discretion when he awarded the full amount of attorney fees incurred by counsel to defend the case. *Id.*

Similarly, Plaintiff's counsel in this case initiated and maintained this litigation despite the absence of any evidentiary support to do so. The Court thus concludes that Plaintiff's counsel's "unreasonable and vexatious behavior began with the filing of the complaint and persisted throughout the pendency of the case." Accordingly, the Court will award § 1927 sanctions against Plaintiff's attorney in the form of Defendant's full attorney fees incurred during the course of this litigation.

"In an attorneys' fee case, the primary concern is that the fee awarded be 'reasonable.' . . . The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007). Defense counsel, Raymond Guzall III, has submitted an affidavit in which he states that the "attorney fees cited to within Defendant's Motion for Attorney Fees and Cost, and Brief in support, are the actual attorney fees incurred by the Defendant in" this case. (Def.'s Mot., Ex. 19.) Defendant's brief sets the amount of attorney fees at $10,223.65,[1] and Defense counsel has attached his billing records to substantiate this amount. (*Id.* at Ex. 16.)

Defense counsel billed Defendant at a rate of $200 per hour. (*Id.* at Ex. 19 at ¶ 3.) Given that Defense counsel has practiced law for approximately 8 years, has had numerous cases in this district, and has obtained verdicts and settlements totaling millions

---

[1]This amount is exclusive of costs. (Def.'s Mot. at 5.)

of dollars in his work as a plaintiff's attorney, the Court determines that $200 per hour is a reasonable hourly rate.

Defendant seeks $10,223.65 in attorney fees; based on Defense counsel's rate, this represents approximately 51 hours of work. This case involved numerous claims against Defendant - the complaint alleged a violation of fourteen separate statutory provisions. The discovery process was beset by delays; indeed, the parties stipulated to extend the discovery deadline, which originally was set for September 17, 2007, until October 17, 2007. (Docket Text ## 7,11.) Nonetheless, Plaintiff's counsel did not provide deposition dates until October 4, 2007. Further, this case proceeded to the summary judgment stage. Defense counsel filed a motion and accompanying brief as well as a reply brief. The Court heard oral argument on the summary judgment motion on March 12, 2008. (Docket Text, minute entry.) In light of the above, 51 hours of time spent on this case by Defense counsel is certainly reasonable.

The Court therefore determines that Defense counsel's hourly rate and the number of hours billed are reasonable. Accordingly, the Court awards attorney fees to Defendant in the amount of $10,223.65.

**C. Costs**

Defendant's motion for costs was denied without prejudice in the Court's order of April 10, 2008. (Docket Text # 34.) Defendant subsequently submitted a bill of costs to the clerk of the court, and the clerk taxed costs in the amount of $537.35. (Docket Text # 36.)

**III. Conclusion**

For the above-stated reasons, Defendant's motion for Rule 11 sanctions is DENIED. Defendant's motion for sanctions pursuant to 28 U.S.C. § 1927 is GRANTED. Defendant is awarded attorney fees in the amount of $10,223.65.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: April 23, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 23, 2008, by electronic and/or ordinary mail.

       s/Carol A. Hemeyer
       Case Manager